## LINNTON PLYWOOD ASSOCIATION *v.*
## STATE TAX COMMISSION

Robert M. Kerr, Portland, argued the cause for plaintiff. Robert M. Kerr and Tooze, Powers, Kerr, Tooze and Morrell, Portland, submitted briefs for plaintiff.

Gerald F. Bartz, Assistant Attorney General, Salem, argued the cause for defendant. Gerald F. Bartz, Assistant Attorney General, Theodore W. de Looze, Assistant Attorney General, and Robert Y. Thornton, Attorney General, Salem, submitted a brief for defendant.

Decision for defendant rendered June 1, 1964.

PETER M. GUNNAR, Judge.

This is a suit to set aside defendant's Opinion and Order No. I-63-13, which denied plaintiff's claims for corporation excise tax refunds for its fiscal years 1957 and 1958. The facts were orally stipulated.

Plaintiff is a nonexempt Oregon cooperative corporation, engaged in the manufacture and sale of plywood. Its workers are its member-owners. To become a member, a worker must agree to work for the cooperative and to purchase at least one share of its capital stock for $2,500.

Each worker-member is paid a wage for his work. For each hour worked a worker also earns one patron-

age credit. At the end of its fiscal year, plaintiff allocates its net proceeds to each worker-member in the ratio that his earned patronage credits bear to all earned patronage credits. Though it may pay some of its net proceeds to its worker-members in cash, plaintiff retains most of its net proceeds and merely allocates them to its worker-members on its books as retained patronage credits. Plaintiff's bylaws refer to these retained credits as "contingent reserves," "capital reserves," "patronage capital" and "capital contributions." These bylaws state: "Such capital contributions shall not bear interest and shall not constitute any debt by the Association, and the credits representing such patronage capital contributions shall be subordinate to all debts and liabilities of the Association." Plaintiff may ultimately pay retained patronage contributions to its worker-members. The bylaws provide that, when retained funds exceed plaintiff's needs, its board of directors may retire the earliest retains first.

In its Oregon corporation excise tax returns for 1957 and 1958, plaintiff treated its retained patronage credits as nontaxable. In amended returns filed in September, 1959, it reported these retained patronage credits as taxable income and paid tax on them. In 1960, plaintiff again changed its position and filed for refunds in the amount of $3,210.36 for 1957 and $25,434.37 for 1958 on the theory that the amount retained was not taxable income.

Plaintiff does not claim to be exempt from corporation excise tax. The sole issue is whether the income which plaintiff retains as patronage capital contributions and allocates on its books to its worker-members is taxable to plaintiff.

Plaintiff contends that these retained amounts are

not its income because it merely acts as a conduit or trustee through which this income passes to its worker-members. It reasons that it constructively pays this income to its members as patronage credits and by prior agreement its members contribute this income back to the cooperative as a part of its capital. Plaintiff cites federal cases which held that a cooperative was not taxable on its capital retains. *San Joaquin Valley Poultry Producers' Ass'n v. Com'r of Int. Rev.*, 136 F2d 382, 31 AFTR 161 (9th Cir 1943); *Harbor Plywood Corporation*, 14 TC 158, aff'd 187 F2d 734, 40 AFTR 330 (9th Cir 1951); *Farmers Cooperative Co. v. Commissioner*, 288 F2d 315, 7 AFTR2d 800 (8th Cir 1961); and *Uniform Printing & Supply Co. v. Commissioner*, 88 F2d 75, 19 AFTR 85 (7th Cir 1937). Undoubtedly this was the federal rule until 1962.

However, for their part, cooperative members have not reported retained patronage credits as income when their cooperative was not required to pay its members anything at any time. The members' position was sustained in other federal cases in which the court looked at patronage credits from the members' viewpoint. *Long Poultry Farms v. Commissioner*, 249 F2d 726, 52 AFTR 912 (4th Cir 1957).

These two tax treatments are contradictory. If a member receives his patronage credit income and re-invests it, then he should be taxed on that income. If a cooperative pays its member nothing of value upon which he can be taxed, then nothing should be excluded from the cooperative's income. Both the cooperative and its member should not be able to exclude this income from tax on two conflicting theories.

■ In 1962, Congress harmonized this dichotomy of theories when it enacted Subchapter T of Chapter 1

of the Internal Revenue Code of 1954, §§ 1381-1388. This subchapter taxes most retained patronage credits to the cooperative and the balance to its members in the year the cooperative receives that income which the retained credits represent. Essentially, the scheme of present federal law is to tax all income retained by a cooperative to either the cooperative or its member in the year that the cooperative receives the income.

■ Oregon has no statute comparable to the 1962 federal act. In this state, the Supreme Court has held that a member-patron of an agricultural cooperative realizes no income when he receives a nonassignable patronage dividend which bears no interest and is retired, if at all, only at the cooperative's discretion. *Kuhns v. State Tax Com.*, 223 Or 547, 355 P2d 249 (1960). In that case, the court had no opportunity to consider the taxability of cooperatives such as plaintiff because the subject agricultural cooperative was exempt from corporation excise tax under ORS 317.080 (9). Nonetheless, the language of that decision is instructive.

■■ In the *Kuhns* case, the court said that "The cooperative is a distinct entity and its tax status is its own." (223 Or at 559) It cannot be deemed an agent for its member, when its supposed principal controls neither the use, repayment, or investment of his money. (223 Or at 555-6) By the same reasoning, a cooperative cannot be a trustee or conduit for its member's income when its supposed beneficiary has no assured beneficial interest in the supposed corpus and its member receives only a paper which the *Kuhns* case determined has no present value.

■ In the instant case plaintiff admittedly received income. Though it contends that it passed this income to its worker-members, the *Kuhns* case establishes that

such members received no income when plaintiff merely allocated its net proceeds to them on its books. If plaintiff received income but its members received none, then the income must have remained plaintiff's income.

■ Unlike the cooperative in the *Kuhns* case, plaintiff expressly denies that it is an exempt corporation, but it contends that, as a cooperative, it is *sui generis* and entitled to special tax treatment. Cooperatives are *sui generis*. But only the legislature can grant the grace of special tax treatment which would exclude income in the hands of its recipient from tax. As pointed out in the *Kuhns* case, our legislature has exempted the income of agricultural cooperatives from tax. In its exercise of grace the legislature is entitled to include or exclude reasonable classifications. Our legislature has exempted only farmer and fruit grower cooperatives. ORS 317.080(9). It has not exempted the income of any other cooperatives despite their similar character. Since plaintiff is not a farmer or fruit grower cooperative and since it received the subject income which it did not pass along to its members, plaintiff is liable for tax upon that income.

■ This conclusion parallels present federal tax treatment of patronage credits. IRC 1954 §§ 1381-8. Although federal law taxes most retained patronage dividends to the cooperative, a few retained patronage dividends or credits are taxed to the member rather than the cooperative. Under the *Kuhns* case and this decision Oregon will tax most retained patronage credit to the cooperative and not to the member. Following the *Kuhns* case's rationale, Oregon probably would also tax to the member those patronage credits which are taxable to the member under the federal statute. Therefore, the conclusion here reached combined with

the *Kuhns* decision has the effect of conforming Oregon law to the spirit of the federal law in this complex field. *Ruth Realty Co. v. Tax Commission,* 222 Or 290, 294, 353 P2d 524 (1960).

When it amended its tax returns and paid its additional tax, plaintiff took the same position now taken by this court. Plaintiff correctly amended its returns and is not entitled to a refund of the tax then paid.

Defendant shall prepare a decree herein in accord with this decision, denying plaintiff's claimed refunds, affirming defendant's opinion and order, and allowing defendant its costs and disbursements herein.